United States District Court
Southern District of Texas
**ENTERED**
May 28, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| VINHHUY HO, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:24-cv-01763 |
| | § | |
| ELEPHANT INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before me is Defendant Elephant Insurance Company's Motion for Summary Judgment. Dkt. 21. Plaintiffs Vinhhuy Ho, individually and as next friend of K.H., a minor, and S.H., a minor, have not responded. For the reasons that follow, the Motion for Summary Judgment is granted.

## BACKGROUND

Plaintiffs allege that they suffered personal injuries when, on August 17, 2023, an unknown driver made an unsafe lane change, struck Plaintiffs' vehicle, and fled the scene. Plaintiffs have filed suit against the unidentified driver, John Doe, for negligence. Plaintiffs have also sued Elephant, seeking a declaratory judgment that they are entitled to recover under the uninsured/underinsured ("UM/UIM") portion of an automobile policy issued by Elephant.

After the close of discovery, Elephant filed a Motion for Summary Judgment, advancing two independent reasons this case against it should be dismissed. First, Elephant contends that there is no coverage under the policy because Plaintiffs failed to "report[] the accident to the police or civil authority within 24 hours or as soon as practicable after the accident." Dkt. 21-1 at 46. Second, Elephant argues that "Plaintiffs have no admissible evidence to link the alleged accident to their claimed injuries." Dkt. 21 at 7. I need address only the second argument.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "The nonmovant cannot satisfy this burden merely by denying the allegations in the opponent's pleadings." *Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Instead, "the nonmovant must . . . direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The nonmovant can satisfy its burden by tendering depositions, affidavits, and other competent evidence to buttress its claim." *Id.*

## ANALYSIS

Plaintiffs seek a judicial "declaration that Plaintiffs' injuries and damages fall within the coverage of the [UM/UIM insurance policy] issued by [Elephant] and for a declaration of their rights to such benefits." Dkt. 1-5 at 7.

Texas law requires automobile insurers to provide UM/UIM coverage in their policies "[t]o protect responsible motorists from financial loss when they are involved in car accidents with uninsured or underinsured motorists." *Allstate Fire & Cas. Ins. Co. v. Rodriguez,* No. 13-18-00616, 2021 WL 3777165, at *3 (Tex. App.—Corpus Christi-Edinburg Aug. 26, 2021, no pet.); *see* Tex. Ins. Code § 1952.101(b). This coverage "protects insureds who are *legally entitled* to recover from owners or operators of uninsured or underinsured motor vehicles." Tex. Ins. Code § 1952.101(a) (emphasis added). "To be legally entitled to recover benefits under a [UM/]UIM insurance policy, an insured must establish the liability of an uninsured/underinsured motorist and the extent of the damages." *Butts v. State*

*Auto. Mut. Ins. Co.*, No. 1:22-cv-1238, 2023 WL 3765602, at *3 (W.D. Tex. May 17, 2023).

"The [UM/]UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). It follows that a UM/UIM "insurer's contractual obligation to pay benefits does not arise until liability and damages are determined." *Id*. "Neither requesting [UM/]UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." *Id*. The Texas Supreme Court recently held that "a declaratory judgment action is the appropriate remedy for determining the underlying tort issues that control the validity of an insured's [UM/]UIM claim against his insurer." *Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 267 (Tex. 2021).

Elephant argues that Plaintiffs have failed to create a genuine dispute of material fact that they have incurred damages. Plaintiffs have not responded to the Motion for Summary Judgment. As a result, there is no evidence in the summary judgment record indicating that the August 17, 2023 accident caused Plaintiffs *any* injury. Because Plaintiffs have failed to carry their burden of establishing that the August 17, 2023 accident at issue resulted in any damages, they cannot show that they are entitled to policy benefits. Thus, Elephant is entitled to summary judgment on Plaintiffs' declaratory judgment claim.

## CONCLUSION

For the reasons discussed above, I grant Elephant's Motion for Summary Judgment (Dkt. 21). I also dismiss Defendant John Doe pursuant to Rule 4(m). *See* Fed. R. Civ. P. 4(m) (authorizing dismissal of case without prejudice if service of summons and complaint is not timely made upon defendant).[1]

---

[1] Plaintiffs filed this action on April 8, 2024. To date, however, Plaintiffs have not identified John Doe "with enough specificity to enable the Court to direct service of process." *Welsh v. Lubbock County*, No. 5:19-cv-00255, 2022 WL 18860923, at *2 (N.D. Tex. Dec. 12, 2022) (dismissing case against unknown defendant without prejudice). Dismissing John Doe without prejudice does not affect Plaintiffs' right to later identify

A final judgment will issue separately.

SIGNED this ___28___ day of May 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

and re-file their suit against John Doe before the statute of limitations on their personal injury claim expires on August 17, 2025. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (two-year limitations period for personal injury actions).